IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,   )
                            )
            Plaintiff,      )
                            )
vs.                         )   Case No. 10-CR-30241-MJR
                            )
ALFONSO MCGEE,              )
    (Inmate # 08938-025),   )
                            )
            Defendant.      )

ORDER ON MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

In September 2011, Alfonso McGee was sentenced in this Court to 151 months in prison on Count 1 for distribution of cocaine base ("crack"). On November 14, 2011, Defendant McGee filed a pro se motion seeking to reduce his sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010). That Act required the Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses.

By Orders dated November 15 and 16, 2011 (Docs. 35, 36), this Court appointed the Federal Public Defender's Office to represent Defendant. Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on December 8, 2011 (Doc. 37).

On January 25, 2012, Mr. Schultz moved to withdraw from the case, having determined that Defendant's guideline range is unchanged by the 2011 retroactive amendment, thereby precluding any non-frivolous argument for a sentence reduction under 18 U.S.C. §

1

3582(c) and the retroactive amendment to the crack cocaine sentencing guideline. According to Mr. Schultz's analysis, and consistent with the analysis of the Probation Office:

> 4. When the Defendant was sentenced, he was determined to be a career offender. *See* PSR ¶¶ 23 and 49. Consequently, the Defendant's guideline range does not change as a result of the application of Amendment 750.
>
> 5. Because the Defendant's guideline range remains unchanged, he is ineligible for a sentence reduction pursuant to § 3582(c) and the Court lacks jurisdiction to grant any such relief. U.S.S.G. § 1B1.10(a)(2) & App. n.1(A); *United States v. Forman,* 553 F.3d 585, 588 - 590 (7th Cir. 2009).

The Court gave Defendant McGee until February 10, 2012, to show cause why the undersigned Judge should not deny his pro se motion to reduce sentence. On February 6, 2012, McGee filed a response, captioned "Pro Se Motion for Reconsideration" (Doc. 41). McGee cites two recent cases: *Freeman v. United States*, __ U.S. __, 131 S.Ct. 2685 (2011); and *United States v. Rivera*, 662 F.3d 166 (2nd Cir. 2011). McGee asks that new counsel be appointed and that additional briefing be required regarding whether, as a Career Offender, he can receive a sentence reduction.

*Freeman v. United States*, cited by McGee, only supports the conclusion that he is ineligible for a reduction. The Supreme Court states: "In an initial sentencing hearing, a district court can vary below the Guidelines; but, by contrast, below-Guidelines modifications in § 3582(c)(2) proceedings are forbidden, USSG § 1B1.10(b)(2)(A), except where the original sentence was itself a downward departure. § 1B1.10(b)(2)(B)." *Freeman*, 131 S.Ct. at 2693. In *Rivera* (which is not a controlling precedent), the Court of Appeals for the Second Circuit states: "Where the sentencing judge departs from a range computed under the career offender guideline to a lower range, the sentence imposed was "based on" the latter range for purposes of § 3582(c)(2). . . . If a subsequently-lowered guideline "was a relevant part of the analytic

2

framework the judge used to determine the sentence," the relevant statutory and Guidelines provision require that a § 3582(c)(2) proceeding be available to allow the sentencing court the opportunity to remedy an injustice." Rivera, 662 F.3d at 177 (citation to *Freeman* omitted).

McGee's situation is easily distinguished from *Freeman* and *Rivera*. McGee's original sentence was within the prescribed guidelines range, except that the fine was reduced due to Defendant's financial circumstances. There was no departure relative to the term of imprisonment. Consequently, the appointment of new counsel and additional briefs are not warranted and McGee's motion (Doc. 41) is **DENIED**.

The base offense level under the guideline generally applicable to crack cocaine offenses, U.S.S.G. § 2D1.1, was 12. Although § 2D1.1 was amended, that guidelines section was <u>not</u> used to sentence McGee. Rather, because McGee qualified as a Career Offender, § 4B1.1(a) was utilized, raising the offense level to 32. The recent amendments to Section 3582(c)(2) did not alter § 4B1.1(a). Consequently, McGee's guideline range cannot be lowered by the retroactive amendment. Relief under Section 3582 is not available when a retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range." *United States v. Taylor*, 627 F.3d 674, 676 (7th Cir. 2010).

Having carefully reviewed the issues, the Court concludes Defendant McGee is not eligible for the requested relief under Section 3582(c)(2). Accordingly, the Court **DENIES** Defendant McGee's pro se motion for sentence reduction (Doc. 34).

IT IS SO ORDERED.

DATED: February 8, 2012

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE